**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: CV – _____**

| | |
|---|---|
| Reginald D. Owens and Carolyn D. Owens, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Hellmuth & Johnson, PLLC,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

Plaintiffs, Reginald D. Owens and Carolyn D. Owens, individually, and on behalf of all others similarly situated, bring this class action complaint for damages against Hellmuth & Johnson, PLLC, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA" or the "Act"), because the Defendant's form collection letter violates § 1692g of the Act, and state:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is authorized by 15 U.S.C. § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here and the Defendant transacts business here.

## PARTIES

3. The Plaintiffs, Reginald D. Owens and Carolyn D. Owens (hereinafter "Plaintiffs"), are citizens of the State of Minnesota, from whom the Defendant

attempted to collect a consumer debt allegedly owed to a homeowner association for "delinquent homeowner association dues." The Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

4. The Defendant Hellmuth & Johnson PLLC (hereinafter "Defendant") is a law firm that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails to collect or attempt to collect consumer debts in the District of Minnesota.

## FACTUAL ALLEGATIONS

5. Prior to December 2006, the Plaintiffs incurred a debt, which is a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(5), for delinquent homeowner association dues in connection with their ownership of a town home.

*6.* The initial form collection letter dated December 4, 2006, sent by Defendant to the Plaintiffs regarding the debt states in pertinent part:

* * *

> RE: Winnetka Green Master Association (Owens Collection)
> Delinquent Homeowner Association Dues Balance: $914.68
> Property Address: 7845 Elm Grove Lane, New Hope, MN 55428
> Our File No.: 14048.0017
>
> Dear Mr. and Mrs. Owens:
>
> The above-captioned law firm has been retained by the Winnetka Green Master Association ("Association") to collect an account receivable from you in the amount of $814.68, plus costs of collection and reasonable attorneys' fees, to date in the amount provided below.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment, if any, or verification. If you so request from this office, in writing, within thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

\* \* \*

As authorized by the Association's governing documents, the Association has a strict policy of assessing all costs of collection and attorneys' fees to past due home owners. Therefore, the costs of consulting the Association on this matter and preparing this letter have been added to your balance. To date, those costs amount of $100.00. Please add this amount to your balance owing and remit the entire amount to the above captioned law office. In the event that further legal action becomes necessary, you will be required to pay any and all legal costs associated therewith.

As of the date of this letter, you owe $914.68. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which case we will inform you before depositing the check for collection. For further information, please contact the undersigned.

**NOTICE OF ACCELERATION OF ANNUAL ASSESSMENT**

Please be advised that your Association levies assessments as more fully described in the Association's Declaration and Bylaws. If your past due balance is not paid within thirty (30) days as provided below, your entire annual association assessment may become immediately due and payable. In the event legal proceedings are commenced, the Association's claim may be

>increased to include any and all accelerated installment amounts.
>
>On behalf of our client, DEMAND IS HEREBY MADE that you **remit to this office** the sum of no less than $184.68, plus costs and attorneys' fees in the amount of $100.00, **payable either by cash or certified check to the Winnetka Green Master Association,** within thirty (30) days from the date of this letter.  Please be advised that if such remittance is not received within the aforesaid time period, legal proceedings may be commenced against you to collect this outstanding account.
>
>\* \* \*

(Emphasis in the original.)  A copy of the initial collection letter sent by the Defendant to the Plaintiffs (the "Letter") is attached as Exhibit 1.

7. The Defendant's statements in its form collection Letter are interpreted under the unsophisticated consumer standard.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692g

8. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

9. Section 1692g of the FDCPA requires the Defendant to give the Plaintiffs an effective validation notice in writing within five days of the Defendant's first communication to the Plaintiffs.  A proper validation notice under 15 U.S.C. § 1692g(a)(3) informs the Plaintiffs that they have thirty days from their receipt of the communication to request, in writing, that the Defendant provide them with proof of the alleged debt's validity.

10. Language in the fourth through eighth paragraphs of the Letter overshadows and contradicts the Plaintiffs' thirty day validation rights under the Act by giving a "NOTICE OF ACCELERATION OF ANNUAL ASSESSMENT…[i]f your past due balance is not paid within thirty (30) days as provided below, your entire annual association assessment may become immediately due and payable," and demanding payment "within thirty (30) days from the <u>date</u> of this letter."

11. In addition, the language in paragraphs four through eight of the Letter contradict and overshadow the Plaintiffs' validation rights because it demands them to pay the debt within thirty (30) days from the <u>date</u> of the Letter, when the Plaintiffs are entitled to dispute the debt within thirty (30) days of their <u>receipt</u> of the Letter under Section 1692g of the Act.

12. In addition the notice of the acceleration of the Plaintiffs' annual assessment and additional attorneys' fees if payment is not received within thirty (30) days of the date of the letter overshadows and eliminates the Plaintiffs' validation rights.

13. Defendant's violation of 15 U.S.C. § 1692g of the FDCPA renders it liable for damages, costs and attorneys' fees. *See* 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

14. The Plaintiffs, Reginald D. Owens and Carolyn D. Owens, bring this action individually, and as a class action on behalf of all Minnesota consumers from whom the defendants attempted to collect consumer debts using the same form collection Letter the Defendant sent the Plaintiffs. The class period begins one year prior to the filing of this class action complaint.

15. The Defendant regularly engages in debt collection using the same form collection Letter it sent to the Plaintiffs in its attempt to collect from other consumers.

16. The Class upon information and belief consists of more than fifty (50) people from whom the Defendant attempted to collect consumer debts by sending other consumers the same form Letter sent to the Plaintiffs.

17. The Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

18. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not a party to the adjudication, or substantially impair or impede their ability to protect their interests. The Defendant has acted in a manner applicable to the Class as a whole that warrants relief.

19. The Owens will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because the

Defendant's conduct was perpetrated on all members of the Class, and will be established by common proof. Moreover, the Plaintiffs have retained counsel experienced in actions involving class actions and consumer protection laws, including the FDCPA.

## JURY TRIAL DEMANDED

20. The Plaintiffs are entitled to and hereby request a trial by jury. US Const. amend. 7. Fed.R.Civ.Pro. 38.

## PRAYER FOR RELIEF

Reginald D. Owens and Carolyn D. Owens request that this Court:

- Certify this action as a Class action;
- Appoint Reginald D. Owens and Carolyn D. Owens as representatives of the Class, and their attorneys as Class counsel;
- Enter judgment in favor of Reginald D. Owens and Carolyn D. Owens and the Class, and against the defendants, for damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and
- Grant such further and additional relief as this Court may deem equitable and just.

Dated this 3rd day of December 2007.

s/Michael G. Phillips_____
   One of the Attorneys for the Plaintiffs

**Michael G. Phillips, Esq.**
Attorney I.D. #: 0290105
270 Grain Exchange Bldg. North
301 Fourth Avenue South
Minneapolis, MN  55415
Telephone: (612) 677-8300
Facsimile: (612) 349-1516
phillipslaw@comcast.net

**CONSUMER JUSTICE CENTER, P.A.**

Thomas J. Lyons, Jr. Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, Minnesota 55127
Telephone: (651) 770-9707
Facsimile: (651) 707-0907
tommycjc@aol.com

**LYONS LAW FIRM, P.A.**
Thomas J. Lyons, Esq.
Attorney I.D. #65699
367 Commerce Court
Vadnais Heights, Minnesota 55127
Telephone: (651) 770-9707
Facsimile: (651) 770-5830
tlyons@lyonslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**