## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Reginald D. Owens and Carolyn D. Owens, individually, and on behalf of all others similarly situated, | Civil File No: 07-CV-04741 RJK/AJB |
| Plaintiffs, | **THE PLAINTIFFS, THE OWENS' MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS AND IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT ON LIABILITY** |
| vs. | |
| Hellmuth & Johnson, PLLC, | |
| Defendant. | |

The plaintiffs, Reginald D. Owens and Carolyn D. Owens (collectively referred to as the "Owens"), for their memorandum of law in opposition to the defendant, Hellmuth & Johnson, PLLC's ("H&J") Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss the Complaint, and in support of their Rule 56 Motion for Summary Judgment on Liability, state:

## I.     Introduction And Summary Of The Arguments.

H&J is a debt collector that must comply with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA" or the "Act").  The defendant sent the Owens an initial debt collection letter dated December 4, 2006 (the "Letter").  Section 1692g(a) of the Act requires the defendant to tell the Owens in the initial written communication that they have thirty (30) days from their <u>receipt</u> of the notice to dispute

or request validation of the debt from the collector.[1]  Section 1692g(b) of the Act states that any communication during the 30-day period may not overshadow or be inconsistent with the consumer's validation rights.

H&J's Letter gives the Owens an effective validation notice.  However, the Letter tells the Owens they must pay the debt by cash or certified check within 30 days of the date of the Letter.  If payment is not mailed within this time, the Owens may have to pay additional legal fees and their entire annual townhome assessment may become due and payable.

The threat of additional fees and the demand for payment in less than 30 days from the Owens' receipt of the Letter overshadows and contradicts the Owens' validation rights in violation of § 1692g(b) of the FDCPA.

This issue has already been determined by this district and other courts.  It is established law that a collector contradicts the validation notice in violation of § 1692g of the Act if, during the 30-day validation period, the collector demands payment within a time period shorter than the 30-day validation period.

See *Bishop v. Global Payments*, etc., No. 03-1018 PAM/RLE, slip op. (D. Minn. June 25, 2003) (demand for payment within 30 days of the date of 1692g notice).  A copy of the *Bishop* opinion and the collector's letter considered by the court are attached as Exhibit  1 .  *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518-519 (7th Cir. 1997) (payment must be received within 30 days of letter's date); *Bartlett v. Heibl*, 128 F.3d

---

[1] The consumer's right to dispute the debt or request verification of the debt from the collector is commonly referred to as the consumer's "validation rights."

497, 500 (7th Cir. 1997) (request for payment in 7 days); *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85-86 (2nd Cir. 1998) (request for immediate payment); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225-1226 (9th Cir. 1988) (request for payment in 10 days); *Miller v. Payco General-American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991) (pay now); *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991) (10 days); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33-35 (2nd Cir. 1996) (25 days); *United States v. National Financial Services, Inc.*, 98 F.3d 131, 139 (4th Cir. 1996); *Edwards v. National Business Factors, Inc.*, 897 F.Supp. 455, 457-458 (D. Nev. 1995); and *Adams v. Law Offices of Stuckert & Yates*, 926 F.Supp. 521, 526-528 (E.D. Pa. 1996).

II.     **Facts And Issue.**

The parties agree on the pertinent facts.

A.     **Facts.**

The Owens are consumers who owed fees to their townhome association in December 2006.[2]  H&J is a law firm that collects consumer debts in Minnesota.[3]  On or about December 4, 2006, the defendant sent the Owens an initial form collection Letter that says in pertinent part:

* * *

RE:   Winnetka Green Master Association (Owens Collection)
      Delinquent Homeowner Association Dues Balance:
      $914.68
      Property Address:  7845 Elm Grove Lane, New Hope, MN
      55428

---

[2] See paragraphs 3 and 5 of the Complaint.

[3] See paragraph 4 of the Complaint.

Our File No.: 14048.0017

Dear Mr. and Mrs. Owens:

The above-captioned law firm has been retained by the Winnetka Green Master Association ("Association") to collect an account receivable from you in the amount of $814.68, plus costs of collection and reasonable attorneys' fees, to date in the amount provided below.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within thirty (30) days from receiving this notice that you dispute this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment, if any, or verification.  If you so request from this office, in writing, within thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

* * *

As authorized by the Association's governing documents, the Association has a strict policy of assessing all costs of collection and attorneys' fees to past due home owners.  Therefore, the costs of consulting the Association on this matter and preparing this letter have been added to your balance.  To date, those costs amount to $100.00.  Please add this amount to your balance owing and remit the entire amount to the above captioned law office.  In the event that further legal action becomes necessary, you will be required to pay any and all legal costs associated therewith.

As of the date of this letter, you owe $914.68.  Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which case we will inform you before depositing the check for collection.  For further information, please contact the undersigned.

**NOTICE OF ACCELERATION OF ANNUAL ASSESSMENT**

Please be advised that your Association levies assessments as more fully described in the Association's Declaration and Bylaws.  If your past due balance is not paid within thirty (30) days as provided below, your entire annual association assessment may become immediately due and payable.   In the event legal proceedings are commenced, the Association's claim may be increased to include any and all accelerated installment amounts.

On behalf of our client, DEMAND IS HEREBY MADE that you **remit to this office** the sum of no less than $814.68, plus costs and attorneys' fees in the amount of $100.00, **payable either by cash or certified check to the Winnetka Green Master Association,** within thirty (30) days from the date of this letter.   Please be advised that if such remittance is not received within the aforesaid time period, legal proceedings may be commenced against you to collect this outstanding account.

* * *

(Emphasis in the original.)   A copy of the Complaint with the Letter sent by the defendant to the plaintiffs attached as Exhibit 1 to the complaint are attached as Exhibit 2.

**B.     Issue.**

The issue is whether the Letter's demand for payment within 30 days of the date of the letter overshadows and contradicts the Owens' validation rights in violation of § 1692g(b) of the FDCPA.

**III.    The Fair Debt Collection Practices Act And The Validation Notice Requirement.**

Congress enacted the FDCPA to eliminate deceptive, abusive and unfair collection practices, and to ensure that debt collectors that engage in such practices do not

competitively disadvantage ethical debt collectors.[4] The FDCPA is a strict-liability statute that must be liberally construed to effect its remedial purpose.[5]

The Owens claim that the Letter contains language that contradicts the notice of Owens' right to dispute the debt under § 1692g of the FDCPA. Section 1692g of the FDCPA requires a debt collector, within five days after its initial communication to collect an alleged debt, to give the consumer written notice that the consumer has 30 days after receipt of the notice to dispute the debt.  If the consumer disputes the debt, the debt collector must give the consumer validation of the debt before the debt collector may engage in further collection activities.[6]

---

[4] See 15 U.S.C. § 1692(e).

[5] See *Picht v. Hawks*, 77 F.Supp. 2d 1041, 1043 (D. Minn. 1999) (the FDCPA is a remedial strict liability statute which was intended to be applied in a liberal manner), *aff'd*, 236 F.3d 446 (8th Cir. 2001); see also, *Russell v. Equifax A.R.S.*, 74 F.3d 30, 36 (2d Cir. 1996) ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.")

[6] Section 1692g(a) of the Act, entitled "**Validation of debts**," states:
    (a) **Notice of debt; contents**—Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
    (1)  the amount of the debt;
    (2)  the name of the creditor to whom the debt is owed;
    (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    (4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5)  a statement that, upon the consumer's written request within the thirty-day

The validation provision in § 1692g of the FDCPA is a "significant feature of [the] Act."[7] It enables the consumer to get additional information, to bring disputes to the debt collector's attention and to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid" or does not owe, in whole or in part.[8]

Section 1692g is critical to the FDCPA's goals because the Act applies to third party debt collectors. It does not generally cover the creditor with whom the consumer actually dealt.[9] Unlike creditors, debt collectors normally have no previous contact with the consumer and no first-hand knowledge of the accuracy of the alleged debt, relying instead on information from the creditor.[10] Similarly, the consumer cannot be expected to know whether the debt collector is trying to collect a legitimate debt, or trying to collect the correct amount, until the consumer is given proof of the original creditor's identity and the debt amount.

---

period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

[7] See Senate Report No. 95-382 at 4, reprinted in 1977 U.S.C.C.A.N., at 1699.

[8] See Senate Report No. 95-382 at 4, reprinted in 1977 U.S.C.C.A.N., at 1699. See also *Bukumirovich v. Credit Bureau of Baton Rouge, Inc.*, 155 F.R.D. 146, 148 (M. D. La. 1994).

[9] See 15 U.S.C. § 1692a(4), (6) and (6)(F)(ii); *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *Vasquez v. Allstate Ins. Co.*, 937 F. Supp. 773, 774-775 (N.D. Ill. 1996); *Oldroyd v. Associates Consumer Discount Co.*, 863 F. Supp. 237, 241-242 (E.D. Pa. 1994).

[10] See *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 386-388 (D. Del. 1991); and *Lindbergh v. Transworld Sys., Inc.*, 846 F. Supp. 175, 178-179 (D. Conn. 1994).

By giving the consumer notice of their right to dispute the alleged debt and require the debt collector to provide validation of it before the debt collector may proceed, § 1692g of the Act provides the first line of defense against the deceptive, abusive and unfair collection practices the Act exists to prevent, and that might otherwise follow in the absence of this right.

In 2006, § 1692g(b) of the Act was amended and the following language was added at the end of the subsection:

> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Prior to this amendment, many cases held that demands for payment in less than 30 days during the validation period overshadowed and contradicted the consumer's validation rights.[11]   The statutory amendment highlights the importance Congress placed on the validation right – it may not be overshadowed or contradicted.  Communications that are "inconsistent" with the consumer's right are actionable.

**IV.     The Owens State A Claim Against H&J Under § 1692g Of The FDCPA And Summary Judgment Should Be Entered In Their Favor.**

"Congress included the debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights."[12] However, a debt

---

[11] See cases cited on pp. 2 and 3 of this brief.

[12] *Miller v. Payco General-American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991), citing, S. Rep. No. 382, 95th Cong., 1st Sess. 4, 8, reprinted in 1977 U.S. Code Cong. &

collector does not comply with § 1692g of the FDCPA simply by giving the validation notice. The debt collector must effectively convey the notice.[13] A debt collector does not effectively convey the consumer's validation rights if the debt collector includes other language with the notice that contradicts, overshadows or otherwise obscures its message.[14]

The determination of whether a letter contradicts or overshadows the validation notice must be made by examining the letter through the eyes of the "unsophisticated consumer".[15] The unsophisticated consumer is a person of "below average sophistication or intelligence" who is "especially vulnerable to fraudulent schemes."[16] "A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights."[17]

---

Admin. News 1695, 1699, 1702.

[13] See *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997); *Avila v Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *Russell*, 74 F.3d at 34; *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85-86 (2nd Cir. 1998); *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd. Cir. 1991) (10 days); *Miller*, 943 F.2d at 484; *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

[14] See *Bartlett*, 128 F.3d at 500; *Avila*, 84 F.3d at 226; *Russell*, 74 F.3d at 34; *Graziano*, 950 F.2d at 111; *Miller*, 943 F.2d at 484; and *Swanson*, 869 F.2d at 1225-1226.

[15] See *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2002).

[16] *Gammon v. GC Serv., LP*, 27 F.3d 1254, 1257 (7th Cir. 1994).

[17] *Russell*, 74 F.3d at 35. Although the Second Circuit uses the term "least sophisticated consumer" instead of "unsophisticated consumer," the two terms reflect the same standard. See *Avila*, 84 F.3d at 226-227; and *Gammon v. GC Serv., LP*, 27 F.3d 1254, 1257 (7th Cir. 1994).

A debt collector contradicts the validation notice in violation of § 1692g of the FDCPA if, during the 30-day validation period, the debt collector directs the consumer to pay the alleged debt within a time period that is shorter than the 30-day validation period.[18]  A request that the consumer pay within a time period that is shorter than the 30-day validation period makes the unsophisticated consumer uncertain as to whether he must comply with the payment request, or whether he has the full 30 days provided § 1692g to dispute the debt. As explained by the Second Circuit:

> No consumer, much less the least sophisticated one - is expected to know that the [validation notice] takes precedence over the second notice when the instructions contained in the two notices are read in combination. We think it plain that plaintiff would not realize she had a statutory right to dispute the debt within 30 days in the face of a second notice from the debt collector giving her [less time].[19]

The issue in this lawsuit was already determined in *Bishop*.  Checks in Bishop's outgoing mail were stolen.  The thief used Bishop's account and address information to print new checks and write "bad" checks.  Global, the defendant, sent Bishop a collection letter demanding payment "within thirty (30) days of the date of this letter [or] you may be subject to the following penalties in addition to the face amount of the dishonored check…"  The demand letter then listed the statutory penalties for bad checks under Minn. Stat. § 332.50 (now Minn. Stat. § 604.113).  The defendant's letter contained a proper validation notice.

The illegal conduct was the overshadowing violation threatening additional

---

[18] See the cases cited on pp. 2-3 of this brief.

[19] *Russell*, 74 F.3d at 36.

charges if payment wasn't made and demanding payment within thirty days of the date of

the 1692g letter.

As the court states on p. 6 of *Bishop*:

> Global's letter tells Mr. Bishop that if he does not pay the debt
> within 30 days from the date of the letter he may face civil and
> criminal penalties.  It also tells him that he can contest the validity of
> the debt within 30 days from receipt of the letter.  As Judge Posner
> stated in *Bartlett*, "[t]his leaves up in the air what happens if he is
> [penalized] on the [30th day after the date of the letter], say, and
> disputes the debt on the [30th day after he receives the letter].  He
> might well wonder what good it would do him to dispute the debt if
> he can't stave off [the penalties.]"  *Id*. at 501.

> Although the difference in dates here is less dramatic than the
> difference noted in other cases brought under § 1692g, the FDCPA
> imposes strict liability for any violation of this provision.  Because
> the difference in dates might confuse the unsophisticated consumer
> whom the FDCPA is meant to protect, Global cannot establish that
> its letter complies with § 1692g as a matter of law.  The Motion to
> Dismiss Count I is denied.

See the *Bishop* opinion attached as Exhibit  1 .

The Owens state a claim under § 1692g of the FDCPA and summary judgment

should be entered in their favor as a matter of law.  The Letter demands payment within a

time period that is shorter than the 30-day validation period in the next to last paragraph.

It threatens the assessment of attorneys' fees and an entire year of townhome assessments

if the Owens fail to pay within 30 days of the date of the letter.

This language contradicts the validation notice because H&J tells the Owens that

they must pay the alleged debt within 30 days of the <u>date</u> of the letter to avoid attorneys'

fees and the acceleration of the annual assessment due the Association "[a]s authorized

by the Association's governing documents."  There are five sentences in the fourth

paragraph of the Letter.  Every sentence tells the Owens that additional attorneys' fees will be assessed if payment isn't made.

The Owens have 30 days from their <u>receipt</u> of the Letter to dispute the debt under § 1692g of the FDCPA.

The Owens did not receive the Letter on the same date that H&J mailed it. Thus, to comply with H&J's demand, the Owens would have to pay within 29 days or less, depending on when H&J mailed the Letter and how long it took the Letter to reach the plaintiffs, which is less than the 30-day period provided by § 1692g of the FDCPA.

In *Chauncey v. JDR Recovery Corp.*, the Seventh Circuit held that a similar contradiction violates § 1692g as a matter of law. The letter at issue stated: "Unless we receive a check or money order for the balance, in full, within thirty (30) days from receipt of this letter, a decision to pursue other avenues to collect the amount due will be made."[20] The Court held that this language contradicts the consumer's 30-day validation rights because, in order to comply with the request that the consumer pay in time for the debt collector to receive payment within 30 days of the consumer's receipt of the letter, the consumer would have to pay before the end of the 30-day validation period.[21]

H&J's Letter poses the same dilemma to the unsophisticated consumer. In order to comply with the defendant's request for payment within 30 days of the date of the Letter, the consumer must make payment by a date that is less than 30 days after his receipt of

---

[20] *Chauncey*, 118 F.3d at 518.

[21] See *Chauncey*, 118 F. 3d at 518-19.

the Letter.

In fact, H&J's Letter is more likely to confuse the unsophisticated consumer about his rights than the letter in *Chauncey* because, unlike the *Chauncey* letter, the defendant's Letter threatens the assessment of additional attorneys' fees and the acceleration of one year's townhome assessments if the debt isn't paid.[22]  While a threat is not required for a violation to occur - "[i]t is unnecessary to prove that the contradiction is threatening"[23] - the threats emphasize H&J's abbreviated deadline over the 30-day right provided by § 1692g of the FDCPA.

As explained by the Seventh Circuit in *Bartlett v. Heibl*, a debt collector may demand that the consumer pay within a time period shorter than the 30-day validation period only if the debt collector explains to the consumer how its demand fits together with the consumer's 30-day right to dispute this debt.[24]  But the Letter contains no such explanation.

Accordingly, the unsophisticated consumer is left to wonder whether he actually has 30 days after his receipt of the Letter to dispute the alleged debt, or whether he must pay within 30 days from the date of the Letter to avoid additional charges. Again, it is

---

[22] See paragraphs 10-12 of the Complaint attached as Exhibit  2 .

[23] *Russell*, 74 F.3d at 35 (letter violates § 1692g if it contradicts the validation notice, regardless of whether it contains a "threatening contradiction"); see also, e.g., *Bartlett*, 128 F. 3d at 500.

[24] See *Bartlett*, 128 F.3d at 500; see also, *Savino*, 164 F.3d at 85-86.

established law that this type of contradiction violates § 1692g of the FDCPA.[25]

The Owens state a claim against H&J under § 1692g of the FDCPA.  Summary judgment on liability should be entered in favor of the Owens.

**V.    Summary Judgment On Liability Should Be Entered In Favor Of The Owens Because The Letter Violates § 1692g Of The Act Under *Bishop* And The Weight Of Authority.**

The parties agree that whether the language in the Letter violates the FDCPA is a question of law to be decided by the Court.[26]  Therefore, this case is ripe for summary judgment on the issue of liability.

The parties agree that the Letter contains a proper validation notice.  The parties disagree as to whether the language in the Letter overshadows the plaintiffs' validation rights in violation of § 1692g(b) of the Act.

The Letter demands payment within 30 days of its date.  The Letter repeatedly raises the specter of additional penalties if payment is not made within 30 days.

The Letter threatens the assessment of attorneys' fees if the debt is not paid within 30 days of the notice's date with the following language:

    a.    The Letter states in the "RE" portion at the beginning of the Letter that the "Delinquent Homeowner Association Dues Balance" is "$914.68" which includes a $100.00 attorneys' fee as described in the Letter.

_____

[25] See the cases cited on pp. 2-3 of this brief.

[26] See pp. 7-8 of the defendant's brief where they cite *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997); and *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n. 2 (3rd. Cir. 2000).

b.      The first sentence of the Letter tells the Owens that H&J has been retained

to recover "$814.68, plus costs of collection and reasonable attorneys' fees,

to date in the amount provided below."

c.      The fourth paragraph of the Letter contains five sentences.  Every sentence

in this paragraph emphasizes the point that additional attorneys' fees will

be assessed if the debt isn't paid within 30 days of the Letter's date.  This

paragraph states:

> As authorized by the Association's governing documents, the
> Association has a strict policy of assessing all costs of collection
> and attorneys' fees to past due home owners.  Therefore, the
> costs of consulting the Association on this matter and preparing
> this letter have been added to your balance.  To date, those costs
> amount to $100.00.  Please add this amount to your balance
> owing and remit the entire amount to the above captioned law
> office.  In the event that further legal action becomes necessary,
> you will be required to pay any and all legal costs associated
> therewith.

d.      The next two sentences of the fifth paragraph of the Letter again emphasize

that the Owens may owe more money if the debt isn't paid, when H&J

says:

> As of the date of this letter, you owe $914.68.  Because of
> interest, late charges and other charges that may vary from day
> to day, the amount due on the day you pay may be greater.

e.      The threat of attorneys' fees continues in the eighth paragraph of the Letter,

where it states:

> On behalf of our client, DEMAND IS HEREBY MADE that
> you **remit to this office** the sum of no less than $814.68, plus
> costs and attorneys' fees in the amount of $100.00, **payable
> either by cash or certified check to the Winnetka Green**

> **Master Association,** within thirty (30) days from the date of this letter.  Please be advised that if such remittance is not received within the aforesaid time period, legal proceedings may be commenced against you to collect this outstanding account.

The Letter also contains the threat that the Owens' annual townhome assessment will become due and immediately payable if the debt isn't paid within 30 days of the date of the notice.  Paragraphs 6 and 7 of the Letter state:

### NOTICE OF ACCELERATION OF ANNUAL ASSESSMENT

> Please be advised that your Association levies assessments as more fully described in the Association's Declaration and Bylaws.  If your past due balance is not paid within thirty (30) days as provided below, your entire annual association assessment may become immediately due and payable.  In the event legal proceedings are commenced, the Association's claim may be increased to include any and all accelerated installment amounts.

The unsophisticated consumer will not read H&J's Letter as merely providing notice of the possible charges that may be imposed under their townhome association's declaration and bylaws.  The unsophisticated consumer will read the Letter as a demand for payment coupled with the threat of charges for not making payment within 30 days of the date of the Letter.

H&J claims that permitting the plaintiffs 30 days from their receipt of the Letter to contest the validity of the debt, and notifying them of attorneys' fees and the acceleration of their annual assessments if the debt is not paid, are not mutually exclusive.  The defendant is wrong.

H&J didn't have to give the notice of possible additional charges at the same time it gives the validation notice required by § 1692g of the FDCPA.  The defendant could

have sent the § 1692g notice first and then informed the Owens of the potential for the assessment of additional charges in a separate letter.

Also, the defendant could have easily stated in the Letter that it would refrain from imposing additional charges until after the conclusion of the 30-day validation period. Thus, H&J could have avoided contradicting the 30-day validation notice by refraining from giving the attorneys' fees and townhome assessment threat until after it gave the validation notice, by stating that it would refrain from imposing the charges until after the conclusion of the validation period. H&J could have explained how the consumer's 30-day validation rights fit together with the potential for the assessment of additional charges as discussed in *Bartlett*.

The Court in *Bishop* rejected the defendant's argument when it said:

> Global [the defendant] contends that under Minnesota law it is required to inform consumers of possible penalties if the debt is not paid. Thus, Global argues, it cannot be liable for providing that information. Moreover, Global contends that the information in the Letter is not confusing and does not overshadow the required FDCPA language as a matter of law.
>
> Minnesota law does not require Global to provide to a consumer information about possible penalties unless Global intends to pursue those penalties. Thus, Global could have refrained from including this potentially confusing information in the same letter as the FDCPA language. Global should also have made clear that the penalties provided under Minnesota law are separate and independent from Mr. Bishop's [the plaintiff] right to dispute the debt under the FDCPA, and that, if Global were to seek penalties and Mr. Bishop subsequently were to dispute the debt, Global would be obliged to suspend its efforts to secure the statutory penalties. "[I]t is possible to devise a form of words that will inform the debtor of the risk of [penalties] without detracting from the statement of his statutory rights. *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997). Because Minnesota law does not

> mandate the choice Global made to include both the Minnesota law penalties and the FDCPA requirements with no explanation of how the two fit together, Global's first argument fails.

See *Bishop* at pp. 5-6 attached as Exhibit  1 .

The cases cited by the defendant don't support their arguments. Most of the cases favor the plaintiffs. H&J argues that it has the right to offer to settle the debt and inform the consumer of additional penalties that may be incurred and cites the *Sonmore* case. The Owens agree that a collector can inform a debtor of potential liabilities as long as the language doesn't overshadow the consumer's validation rights. In *Sonmore*, the Court found the collector's 1692g notice violated the Act because it didn't state the amount of the debt. The debt collector must state the amount of the debt under § 1692g(a)(1) of the FDCPA. The collector's notice contained a settlement offer and the consumer's potential liability under state law for writing bad checks. *Sonmore v. CheckRite Recovery Services, Inc*., 187 F.Supp.2d 1128, 1136-37 (D. Minn. 2001). This case isn't relevant.

Next, the defendant cites *Jacobson*, ___ F.3d ___, 2008 WL 383060 (C.A. 2 (N.Y.)). This case supports the Owens, not the defendant. In *Jacobson*, the collector's 1692g letter told the consumer that "IF YOUR PAYMENT OR NOTICE OF DISPUTE IS NOT RECEIVED IN THIS OFFICE WITHIN 30 DAYS, WE SHALL RECOMMEND FURTHER ACTION BE TAKEN AGAINST YOU TO COLLECT THIS OUTSTANDING BALANCE." The Second Circuit cited *Chauncey* and the *Swift v. Maximus, Inc.*, 2004 WL 1576618, at * 3-4 (E.D. N.Y. July 15, 2004) cases and held that this language violated § 1692g. The Court said an unsophisticated consumer would think that he had less than 30 days from receipt of the 1692g notice to mail a dispute

because the language of the collector's letter requires that the dispute be received by the collector within 30 days. *Jacobson* at *6.

*Higgins* doesn't support H&J either.   In *Higgins*, the collector sent collection letters on December 23, 1988; January 4, 1989; March 29, 1989; April 12, 1989; April 19, 1989; and May 10, 1989.   *Higgins*, 762 F.Supp. 1128, 1131-32.   The Court considered the April 12th and May 10th, 1989 letters.  *Higgins*, 762 F.Supp. at 1132.  The Court found that the April 12, 1989 letter didn't violate § 1692g(a) of the Act because the defendant had sent prior letters that may have contained the requisite language of 1692g. *Higgins*, 762 F.Supp. at 1133.

H&J doesn't tell the whole story on the May 10th letter.  The May 10th letter asks for immediate settlement within 10 days or by May 20th, 1989.  The Court concluded that the May 20th deadline to pay the debt did not overshadow the 30-day validation period that ended on or about May 12, 1989.  "The May 10 letter would not violate plaintiff's extended rights under § 1692g(a) in the April 12th notice because the 10-day period provided for payment in the May 10 letter would not expire until May 20th." *Higgins*, 762 F.Supp. at 1135.

In addition, at least one court has held that Higgins is not good law.[27]

H&J cites *Powell.*  In *Powell v. Computer Credit, Inc*., 975 F. Supp. 1034, 1042 (S.D. OH 1997), the court found that language that asked for immediate payment or a

---

[27] See *Creighton v. Emporia Credit Serv*., 1997 U.S. Dist. LEXIS 8556 at *9-10 (E.D. VA May 20, 1997) ("*Burns* and *Higgins* are district court cases which are not binding on this court, especially in light of *Burns'* application of an improper heightened standard.").

valid reason for failure to make a payment did not constitute an overshadowing violation. The court reasoned that this language offered the consumer two alternatives.  The debtor could make immediate payment, or alternatively dispute the debt under § 1692g.  *Powell*, 975 F. Supp. at 1042-1043.  *Powell* is inconsistent with *Bishop* and the overwhelming weight of authority that holds that a demand that the consumer pay within a time period shorter than the 30-day validation period as provided by the Act violates § 1692g of the FDCPA.

Finally, the defendant cites *Volden v. Innovative Financial Systems, Inc.*, 440 F.3d 947, 956 (8th Cir. 2006).  This case has no relevance.  It doesn't involve an overshadowing claim.  The court holds that a collector didn't violate the FDCPA where there's substantial compliance with the debtor-protection purposes of the statute.  *Bishop* and the weight of authority hold that demanding payment within 30 days of the date of the letter or within a shorter period of time violates the Act.

*Bishop* is right on point.  None of the cases cited by H&J trump *Bishop* and the weight of authority.  The defendant's motion to dismiss should be denied.  The plaintiffs' motion for summary judgment on liability should be granted.

## Conclusion

The FDCPA's requirement that the debt collector give notice of the consumer's right to dispute the alleged debt within 30 days of the consumer's receipt of the notice under § 1692g of the Act is an important part of the Act's remedial scheme. A debt collector may not contradict the validation notice with other language pursuant to § 1692g(b) of the Act. It is established law that requesting payment within a time frame

that is less than the 30-day period provided to the consumer by § 1692g of the FDCPA,

without explaining how the request and the consumer's validation rights fit together,

violates § 1692g of the FDCPA.

Hellmuth & Johnson's December 4, 2006 letter contradicts the validation notice in

violation of § 1692g(b) of the FDCPA because it demands payment within 30 days from

the date of the letter instead of 30 days from the consumer's receipt of the letter.  It

repeatedly threatens the assessment of attorneys' fees and the acceleration of the Owens'

annual townhome assessment if they do not pay within H&J's deadline.  Accordingly,

Plaintiff states a claim under § 1692g of the FDCPA in Count I.

H&J's motion to dismiss for the failure to state a claim should be denied.  The

Owens' motion for summary judgment on liability should be granted.


Dated:  April 3, 2008                         _____*/s/ Michael G. Phillips*_____
                                              One of the Attorneys for the Plaintiffs

                                              **Michael G. Phillips, Esq.**
                                              MN Atty. # 0290105
                                              Law Office of Michael G. Phillips
                                              270 Grain Exchange Bldg. North
                                              301 Fourth Avenue South
                                              Minneapolis, MN  55415
                                              Telephone: (612) 677-8300, ext. 345
                                              Facsimile: (612) 339-1516
                                              phillipslaw@comcast.net

                                              Thomas J. Lyons, Jr. Esq.
                                              Attorney I.D. # 0249646
                                              **Consumer Justice Center, P.A.**
                                              367 Commerce Court
                                              Vadnais Heights, Minnesota 55127

Telephone:  (651) 770-9707
Facsimile: (651) 770-5830
tommycjc@aol.com

Thomas J. Lyons, Esq.
Attorney I.D. # 65699
**LYONS LAW FIRM, P.A.**
367 Commerce Court
Vadnais Heights, Minnesota 55127
Telephone:  (651) 770-9707
Facsimile: (651) 770-5830
tlyons@lyonslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**